1                                                                    **O**

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10

11   United States,                    )  CR 95-345 RSWL
                                        )
12                    Plaintiff,        )
                                        )  **ORDER RE: DEFENDANT JOE**
13        vs.                           )  **HERNANDEZ'S MOTION FOR**
                                        )  **REDUCTION OF SENTENCE**
14                                      )  **AND FOR THE APPOINTMENT**
     Joe Hernandez,                     )  **OF COUNSEL [10392]**
15                                      )
                                        )
16                    Defendant.        )
                                        )
17   _____)

18        Currently before this Court is Defendant Joe

19   Hernandez's ("Defendant") Motion for Reduction of

20   Sentence Pursuant to 18 U.S.C. § 3582(c) and for the

21   Appointment of Counsel.  Having considered all papers

22   submitted the Court **HEREBY RULES AS FOLLOWS:**

23        Defendant's Motion for Reduction of Sentence

24   Pursuant to 18 U.S.C. § 3582(c) is **DENIED.**  On May 30,

25   1997, Defendant was convicted of seven different

26   counts, which included conspiracy to distribute cocaine

27   base in violation of 21 U.S.C. § 846.  At the time

28   Defendant was sentenced in 1997, United States

                                1

Sentencing Guidelines § 2D1.1 required a conviction
involving 1.5 kilograms of cocaine base to qualify as a
level 38 offender, the maximum offense level for drug
distribution.  On August 3, 2010, Congress enacted the
Fair Sentencing Act of 2010 ("FSA"), which raised the
cocaine base quantity thresholds for mandatory minimum
and statutory maximum penalties for cocaine base
offenses under 21 U.S.C. § 841(b) and § 846.  The FSA
directed the Sentencing Commission to promulgate
amendments to the Sentencing Guidelines.  Accordingly,
Amendment 750, effective November 1, 2011, lowered the
offense levels for cocaine base offenses listed in §
2D1.1.  Currently, 8.4 kilograms of cocaine base is
required to constitute a base offense level of 38.

Pursuant to Defendant's sentencing, this Court made
factual findings that Defendant was conservatively
estimated to have been involved in trafficking a
quantity of cocaine base substantially exceeding 8.4
kilograms.  As such, if Defendant were sentenced today
his base offense level under the amended Sentencing
Guidelines would remain at 38.  Therefore, Amendment
750 has no effect on Defendant's guideline range, and
reduction of sentence pursuant to 18 U.S.C. § 3582(c)
is not appropriate.  Additionally, the nature of
Defendant's convictions and the factors set forth in 18
U.S.C. § 3553(a) weigh against reduction of sentence as
well.

In addition, Defendant's request for the

appointment of counsel is **DENIED**. The Court finds that Defendant has no constitutional right to an attorney after his first appeal and he has not shown that representation is necessary here. <u>United States v. Angelone</u>, 894 F.2d 1129, 1130 (9th Cir. 1990) ("Prisoners do not have a constitutional right to counsel when mounting collateral attacks upon their convictions."); <u>see also</u> <u>Pennsylvania v. Finley</u>, 481 U.S. 551, 555 (1987). The Court also finds that because the FSA would not alter Defendant's sentence, appointment of an attorney to bring a motion for reduction of Defendant's sentence is not necessary. Accordingly, Defendant's Motion is **DENIED** in its entirety.

**IT IS SO ORDERED.**

DATED: March 9, 2012

RONALD S.W. LEW

**HONORABLE RONALD S.W. LEW**

Senior, U.S. District Court Judge